IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JR CARGO,

    Plaintiff,

v.                                                       Civ. No. 25-505 DLM/GBW

STEVENS TRANSPORT, INC.,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. On April 2, 2025, Plaintiff filed its Civil Complaint in state court in a pro se capacity. *Doc. 1-1* at 1; *also see doc. 6*. Defendant removed the action to federal court on May 28, 2025. *Doc. 1*.

Plaintiff's Civil Complaint appears to have been filed in violation of Local Rule 83.7, which states that a "corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. Throughout its Civil Complaint, Plaintiff is referred to multiple times as "JR Cargo, Inc." *See doc. 1-1* at 5, 9. Defendant's Notice of Removal also refers to Plaintiff as "JR Cargo, Inc.," and describes it as "a corporation of Indiana or California." *See doc. 1* ¶¶ 1, 14. If, as the parties have represented, Plaintiff is a corporation, partnership, or other business entity other than a natural person, then it must be represented by an attorney and may not proceed pro se or be represented by one of its officers or agents who is not an attorney. D.N.M.LR-Civ. 83.7.

IT IS THEREFORE ORDERED that Plaintiff must show cause in writing **no later than July 11, 2025,** as to why the Court should not find that its attempt to represent itself pro se violates Local Rule 83.7. Plaintiff is cautioned that its failure to do so may result in its filings being stricken, its Civil Complaint being dismissed, and other sanctions being imposed.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE