IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JR CARGO,

    Plaintiff,

v.   Civ. No. 25-505 DLM/GBW

STEVENS TRANSPORT, INC.,

    Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the undersigned on its Order to Show Cause, issued June 20, 2025. *Doc. 7*. Having reviewed the applicable law and the facts of this case, and in light of Plaintiff's failure to respond to the Court's Order to Show Cause, I RECOMMEND that the Court dismiss Plaintiff's Civil Complaint (*doc. 1-1*) without prejudice for failure to comply with the local rules and for failure to comply with a court order.

    **I.**    **THE ORDER TO SHOW CAUSE**

In the Order to Show Cause, the undersigned noted that Plaintiff appears to be in violation of Local Rule 83.7, which provides that "[a] corporation, partnership, or business entity other than a natural person must be represented by an attorney authorized to practice before this Court," because Plaintiff appears to be a corporation

proceeding without an attorney.[1]  D.N.M.LR-Civ. 83.7; *see generally doc. 7*.  The undersigned advised Plaintiff that it cannot proceed in federal court without counsel.  *Id.* at 1.  The undersigned cautioned Plaintiff that the case could be dismissed if it did not, by July 11, 2025, respond to the Order to Show Cause and justify its pro se appearance under Local Rule 83.7.  *Id*. at 2.  Plaintiff did not respond to the Order to Show Cause, and to date, no counsel has entered an appearance on its behalf.

## II.  ANALYSIS

Both the Local Rules and case law require "[a] corporation, partnership, or business entity other than a natural person" to be represented by an attorney.  D.N.M.LR-Civ. 83.7; *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.").  When a business entity plaintiff is not represented by counsel, the general practice in this district is to dismiss without prejudice.

The Court could also choose, however, to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

---

[1] Throughout the Civil Complaint, Plaintiff is repeatedly identified as "JR, Cargo, Inc."  *See doc. 1-1* at 5, 9.  Defendant's Notice of Removal likewise refers to Plaintiff as "JR Cargo, Inc." and describes it as "a corporation of Indiana or California."  *See doc. 1* ¶¶ 1, 14.

2

Procedure] or a court order[.]"  Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citations omitted) ("A district court undoubtedly has discretion to sanction a party for failure to prosecute . . . a case, or for failing to comply with local or federal procedural rules.).  As the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]"  *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2007) (citation omitted).  "Dismissals pursuant to Rule 41(b) may be made with or without prejudice," *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (citation omitted), and if a dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures[,]" *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).  Because Plaintiff failed to comply with the undersigned's Order to Show Cause and is not represented by counsel, I recommend that this case be dismissed as soon as practicable.  *See Roscoe v. United States*, 134 F. App'x 226 (10th Cir. 2005) (unpublished) (dismissing LLC plaintiff's case because it was

not represented by counsel). Because the case was removed to federal court by Defendant, the undersigned recommends a dismissal without prejudice.

### III. CONCLUSION

Based on the foregoing reasoning, the undersigned RECOMMENDS that the Court dismiss Plaintiff's Civil Complaint (*doc. 1-1*) WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**